IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH KAISAM, A#-044-754-250          *
                Petitioner,

      v.                                      *  CIVIL ACTION NO. JKB-15-652

ERIC H. HOLDER, *et al*.                *
                Respondents.
                       *****

MEMORANDUM

I. Procedural History

On March 9, 2015, this 28 U.S.C. § 2241 petition for writ of habeas corpus was received for filing. According to the petition, Joseph Kaisam ("Kaisam") alleges that he has been housed in Immigration and Customs Enforcement ("ICE") custody at the Worcester County Detention Center since August 26, 2014. He claims that he is being held in custody beyond the expiration of the "90-day" removal period. ECF No. 1. Consequently, the court construes his challenge as invoking the due process dictates of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Kaisam's petition is accompanied by a motion for leave to proceed in forma pauperis. ECF No. 2. The indigency request shall be granted. The petition shall, however, be dismissed without prejudice.

II.    Discussion

According to the petition, Kaisam is a native and citizen of Sierra Leone who entered the United States in September of 1995. ECF No. 1 at pg. 4. He claims that his Convention Against Torture ("CAT") petition[1] was denied on December 16, 2014, and the Department of Homeland

---

[1] To qualify for protection under the CAT, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."

Security commenced removal proceedings on or about August 25, 2014, charging him as an alien who committed and has been convicted of "two or more crimes of moral turpitude not arising out of a single scheme of criminal misconduct" in violation of Immigration and Nationality Act § 237(a)(2)(A)(ii) (codified at 8 U.S.C. § 1227 (a)(2)(A)(ii)).  ECF No. 1 at pg. 5.  Kaisam claims that he was ordered removed on December 16, 2014.  *Id*. at pg. 4.

III.     Analysis

Kaisam's sole contention is that his continued immigration detention violates his due process rights as ICE has been unable to carry out his final order of removal.  He claims that his removal to Sierra Leone is not likely to occur within the reasonably foreseeable future and, therefore, his detention exceeds "the reasonable limits of government's authority."  The undersigned, however, finds that the petition does not provide grounds for habeas corpus relief.

After a removal order becomes final, ICE must detain the alien until he is removed for up to ninety days (the "removal period").[2]  *See* 8 U.S.C. § 1231(a)(2).  Although § 1231(a)(6) appears to authorize discretionary indefinite detention of a removable alien beyond such period, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal-order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention.  In sum, the Court found

---

8 C.F.R. § 1208.16(c)(2) (2012).  To state a prima facie case for relief under the CAT, a petitioner must show that he will be subject to "severe pain or suffering, whether physical or mental ... by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1) (2012); *see Saintha v. Mukasey,* 516 F.3d 243, 246 & n.2 (4th Cir. 2008).

[2]     The ninety (90)-day period begins on the latest of (i) the date the removal order becomes administratively final; (ii) if the order is judicially reviewed and the court issues a stay of removal, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.  *See* 8 U.S.C. § 1231(a)(1)(B).

that after an order of deportation became final, an alien may be held for a six-month period.  After

this period:

> [o]nce the alien provides good reason to believe that there is no
> significant likelihood of removal in the reasonably foreseeable future,
> the Government must respond with evidence sufficient to rebut that
> showing.  And for detention to remain reasonable, as the period of
> prior post-removal confinement grows, what counts as the
> "reasonably foreseeable future" conversely would have to shrink.
> This 6-month presumption, of course, does not mean that every alien
> not removed must be released after six months.  To the contrary, an
> alien may be held in confinement until it has been determined that
> there is no significant likelihood of removal in the reasonably
> foreseeable future.

*Zadvydas*, 533 U.S. at 700.  The purpose of detaining a deportable alien is to insure his presence at

the moment of removal.  *See id*. at 697-99.  In cases where it is unlikely that removal will occur,

detention of the alien no longer serves this purpose.  *See Clark v. Martinez*, 543 U.S. 371, 384

(2005) (where repatriation negotiations for removal of inadmissible aliens to Cuba had ceased,

removal was not reasonably foreseeable).  *Zadvydas* holds that post-removal-order detention

pursuant to 8 U.S.C. § 1231(a)(6) does not authorize the Attorney General to detain an alien

indefinitely beyond the removal period, but limits an alien's post-removal-period detention to a

period reasonably necessary to bring about that alien's removal from the United States.  *Zadvydas,*

533 U.S. at 689.  After six months of post-removal-order detention, if an alien "provides good

reason to believe that there is no significant likelihood of removal in the reasonably foreseeable

future, the Government must respond with evidence sufficient to rebut that showing."  *Id*. at 700-01.

Kaisam was taken into ICE custody on August 25, 2014.  He was, however, ordered removed

on December 16, 2014, by Immigration Judge Elizabeth Kessler.[3]   He has remained in ICE custody,

subject to the final order of removal, for approximately three months.  At this time he has not been

detained beyond the reasonably presumptive period of detention recognized by the Supreme Court in

*Zadvydas*.  A constitutional challenge to his continued custody is premature.  *See Akinwale v.*

*Ashcroft,* 287 F.3d 1050, 1052 (11th Cir. 2002) (six-month period of post-removal-order detention

recognized by Supreme Court must have expired at the time the § 2241 petition is filed in order to

state a claim under *Zadvydas*); *see also James v. Holder*, 2014 WL 6908850 (D.N.J. 2014).  The

undersigned thus finds that Kaisam's current detention violates neither procedural nor substantive

due process.

    The petition for writ of habeas corpus shall be denied without prejudice to the filing of a new

§ 2241 petition (in a new case) upon the expiration of the six-month presumptive period if Kaisam

can allege facts, at the time of filing, showing good reason to believe that there is no significant

likelihood of his removal in the reasonably foreseeable future.  A separate Order follows reflecting

this opinion.


Date:   March 11, 2015                                    /s/
                                        James K. Bredar
                                        United States District Judge


---

    [3]     The Office of District Counsel for ICE confirms that while Kaisam did file a motion to
reopen his immigration case, he did not appeal Judge Kessler's decision to the Board of Immigration Appeals.
 Inasmuch as he waived his right to an appeal, Kaisam's order of removal became final in December of 2014.
 "An order of removal made by the immigration judge at the conclusion of proceedings ... shall become final
... [u]pon waiver of appeal by the respondent."  8 C.F.R. § 1241.1(b).